UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

XO GLOBAL LLC f/k/a XO SALES LLC,

                Plaintiff,

v.

BROOKE DIAMOND, ARIELLE MELLEN,
ROSS PRUSSIN, JOHN WOOD, GREGG SLOW,
DIRECTIONAL CAPITAL LLC d/b/a
DIRECTIONAL AVIATION, PRIVATE FLY LLC,
ONE SKY FLIGHT, LLC, FLEXJET, LLC,
SENTIENT JET, LLC, and SENTIENT JET
CHARTER, LLC d/b/a FXAIR,

                Defendants.

Case No.: 1:20-cv-10670-LGS

Dated: February 3, 2021
New York, New York

SO ORDERED

*/s/ Lorna G. Schofield*
HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

## ~~PROPOSED~~ ORDER FOR EXPEDITED DISCOVERY

WHEREAS, Plaintiff, XO Global LLC (f/k/a XO Sales LLC) ("XO") filed a letter request for expedited discovery in support of an anticipated preliminary injunction motion in this action (Dkt. No. 44);

WHEREAS, Defendants Brooke Diamond ("Diamond"), Arielle Mellen ("Mellen") Ross Prussin ("Prussin"), John Wood ("Wood"), and Gregg Slow ("Slow") (collectively the "Individual Defendants"), and their current employers, Defendants Directional Capital LLC d/b/a Directional Aviation ("Directional Aviation"), PrivateFly LLC ("PrivateFly"), One Sky Flight, LLC ("One Sky"), Flexjet, LLC ("Flexjet"), Sentient Jet, LLC ("Sentient Jet") and Sentient Jet Charter, LLC d/b/a FXAIR ("FXAIR") (collectively the "Directional Defendants") opposed XO's letter motion (Dkt. Nos. 48 and 49);

WHEREAS, on January 28, 2021, the parties appeared for a conference on Plaintiff's request, and the Court granted the request for XO and Defendants to serve document production requests and interrogatories outside the scope of Local Rule 33.3, and to schedule party depositions in anticipation of XO's motion for preliminary injunction;

WHEREAS, the Court ordered the parties to meet and confer and submit a proposed order and plan for expedited discovery (Dkt. No. 55);

WHEREAS, the parties have met and conferred and jointly submit this Proposed Order.

1. The parties shall submit to the Court a Proposed Stipulated Protective Order, which includes a Rule 502(e) provision in accordance with the Court's Individual Rules and Procedures for Civil Cases § II(A)(2). by **February 12, 2021.**

2. XO shall serve its First Set of Requests for the Production of Documents and First Set of Interrogatories on or before February 5, 2021, which shall be reasonable in volume and limited to the following topics:

   a. the Individual Defendants' communications with XO's customers;

   b. business obtained by the Individual Defendants for the Directional Defendants from XO's customers;

   c. communications between the Individual Defendants and the Directional Defendants prior to Individual Defendants' employment with Directional Defendants;

   d. communications between the Individual Defendants and other XO employees, both during and after their employment with XO, concerning their separation of employment with XO or Directional Defendants;

   e. the terms of the Individual Defendants' employment;

      f.      Defendants' possession, use, and/or disclosure of XO's proprietary and confidential information; and

      g.      the basis for Defendants' unclean hands affirmative defenses.

3.    Defendants shall serve their written responses to XO's document requests within twenty-one (21) days of service, and produce responsive documents between twenty-one (21) and twenty-eight (28) days of service. Defendants shall serve their written answers and objections to XO's interrogatories within twenty-eight (28) days of service.

4.    Defendants shall serve First Sets of Requests for the Production of Documents and First Sets of Interrogatories on or before February 5, 2021, which shall be reasonable in volume and limited to the following topics:

      a.      The Individual Defendants' communications and/or relationships with XO customers and prospects prior to the Individual Defendants' departures from XO;

      b.      Communications concerning the Individual Defendants after their departures from XO relevant to the claims and defenses in this case, including the communications referred to in Paragraphs 59-65 of the Complaint;

      c.      The "time, money, and effort" referred to in Paragraph 31 of the Complaint;

      d.      XO's efforts to protect its customer list, including the efforts referred to in Paragraphs 34 and 37 of the Complaint, including attempts to require employees to sign restrictive covenants;

      e.      The Defendants' alleged theft, sharing, use, and/or misappropriation of XO's purported confidential information, including its customer list; and

      f.      XO's development of its customer list, as alleged in Paragraph 89 of the Complaint, including the origins and/or compilation of the information in XO's customer list.

5.      XO shall serve its written responses to Defendants' Discovery Demands within twenty-one (21) days of service and produce responsive documents between twenty-one (21) and twenty-eight (28) days of service. XO shall serve its written answers and objections to XO's interrogatories within twenty-eight (28) days of service.

6.      Notwithstanding the foregoing, Defendants further intend to seek discovery on the topics set forth below in subsections 6(a) and (b), which they contend are relevant and necessary for their defense to a motion for a preliminary injunction, whereas Plaintiff contends that they are not relevant to or appropriate for expedited discovery in anticipation of a preliminary injunction motion in this case. The parties were not able to reach an agreement with respect to these topics, but the parties will meet and confer regarding these topics and, if necessary, bring any issues they cannot resolve among themselves to the Court for resolution. This Order shall not be seen as either allowing or denying discovery on these topics.

      a.      XO's dealings with any present or former customer of the Directional Defendants; and

      b.      XO's recruitment and/or hiring of any employees of its competitors.

7.      The parties shall be allowed to commence depositions following substantial completion of the production of documents as set forth above, or beginning on or about March 8,

2021. Such depositions shall be conducted by remote videoconference, and shall be limited as follows:

    a.    Plaintiff's depositions are limited to the topics listed in Section 2, and are limited to:

        (i)    A total of twenty (20) hours of depositions of the five Individual Defendants, with no Defendant's deposition exceeding six (6) hours;

        (ii)    Directional Defendants shall identify by March 9, 2021 any employee or representative of the Directional Defendants who will provide testimony, live or by declaration, in opposition to an application for a preliminary injunction, and shall make such individual available for a three (3) hour deposition; and

        (iii)    One four (4) hour Rule 30(b)(6) deposition of the Directional Defendants (for the sake of clarity, this provision permits one four-hour deposition, not separate depositions of each of the Directional Defendants).

    b.    Defendants' depositions are limited to the topics set forth in Section 4 (and Section 6, provided that the parties agree and/or the Court orders), and are limited to:

        (i)    Depositions of no more than four (4) hours in duration of each of the following individuals: (a) Michelle Bauman, who verified the facts in XO's Verified Complaint, (b) Lezlea List, and (c) Robby Phillips;[1]

        (ii)    XO shall identify by March 9, 2021 any employee or representative of XO who will provide testimony, live or by declaration, in support of an application for a preliminary injunction, and shall make such individual available for a three (3) hour deposition; and

        (iii)    A six (6) hour Rule 30(b)(6) deposition of XO.

---

[1] XO shall make its employees available for their depositions voluntarily, or Defendants shall be entitled to subpoena such employees.

   c. A party's failure to identify a witness in accordance with 7(a)(ii) or 7(b)(ii) shall be subject to the provisions of Rule 37(c) and shall give rise to a rebuttable presumption that a party is not allowed to present that witness's testimony in connection with the application for a preliminary injunction, except for good cause shown, unless the failure was substantially justified or is harmless.

   d. Any other depositions to be conducted by stipulation or with leave of Court upon good cause shown.

8. Nothing herein shall limit a party's ability and right to object to any document request, interrogatory, or Rule 30(b)(6) deposition testimony topic.

9. Party depositions shall be completed on or before April 14, 2021.

Dated: February 2, 2021

  /s/ *Christopher V. Fenlon*
  Christopher V. Fenlon (CF6305)
  Elizabeth M. Nagle (EN3922)
  HINCKLEY, ALLEN & SNYDER LLP
  30 South Pearl Street, Suite 901
  Albany, New York 12207
  cfenlon@hinckleyallen.com
  lnagle@hinckleyallen.com
  Phone: (518) 396-3100
  Fax: (518) 396-3101

  *Attorneys for Plaintiff, XO Global LLC*

**FAEGRE DRINKER BIDDLE & REATH LLP**

Dated: February 2, 2021  */s/ Justin M. Ginter*

  Justin M. Ginter (Bar No. JG4949)
   *justin.ginter@faegredrinker.com*

  Lawrence J. Del Rossi (Bar No. LD1012)
   *lawrence.delrossi@faegredrinker.com*

600 Campus Drive
Florham Park, NJ 07932
Phone: (973) 549-7000
Fax: (973) 360-9831

- and -

**HIRSCH ROBERTS WEINSTEIN LLP**

*/s/ C. Max Perlman*

C. Max Perlman
   *Pro Hac Vice Application Pending*
   max@hrwlawyers.com

Elizabeth E. Monnin-Browder
   *Pro Hac Vice Application Pending*
   emonnin-browder@hrwlawyers.com

24 Federal Street, 12th Floor
Boston, MA  02110
Phone: (617) 348-4300
Fax: (617) 348-4343

*Attorneys for Directional Capital LLC d/b/a Directional Aviation Capital, PrivateFly LLC, One Sky Flight, LLC, Flexjet, LLC, Sentient Jet, LLC, Sentient Jet Charter, LLC d/b/a FXAIR, and Gregg Slow*


**OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.**

By:*/s/ Bruce G. Hearey*
     Bruce G. Hearey
127 Public Square
4100 Key Tower
Cleveland, OH  44114
Tel.:  (216) 241-6100
Email:  bruce.hearey@ogletree.com

 *Attorneys for Defendants
 Brooke Diamond, Arielle Mellen, Ross Prussin
 and John Wood*