UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

|  |  |
|---|---|
| XO GLOBAL LLC f/k/a XO SALES LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>BROOKE DIAMOND, ARIELLE MELLEN,<br>ROSS PRUSSIN, JOHN WOOD, GREGG SLOW,<br>DIRECTIONAL CAPITAL LLC d/b/a<br>DIRECTIONAL AVIATION, PRIVATE FLY LLC,<br>ONE SKY FLIGHT, LLC, FLEXJET, LLC,<br>SENTIENT JET, LLC, and SENTIENT JET<br>CHARTER, LLC d/b/a FXAIR,<br><br>                              Defendants. | Case No.: 1:20-CV-10670-LGS |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiff, XO Global LLC f/k/a XO SALES LLC ("XO"); Defendants Directional Capital LLC d/b/a Directional Aviation Capital[1] ("Directional Aviation"), PrivateFly LLC ("PrivateFly"), One Sky Flight, LLC ("One Sky"), Flexjet, LLC ("Flexjet"), Sentient Jet, LLC ("Sentient Jet"), and Sentient Jet Charter, LLC d/b/a FXAIR[2] ("FXAIR") (collectively, "Directional Defendants"); and Defendants Brooke Diamond, Arielle Mellen, Ross Prussin, John Wood, and Gregg Slow (collectively, "Individual Defendants"), through their respective counsel, stipulate and agree, pending further order of the Court, that the following procedures designed to assure the protection of confidential information not already in the public domain shall govern any discovery, including discovery from non-parties, in this action.

---

[1] The Complaint erroneously names "Directional Capital LLC d/b/a Directional Aviation;" the correct name is "Directional Capital LLC d/b/a Directional Aviation Capital."
[2] Formerly known as Sentient Jet Charter, LLC d/b/a PrivateFly.

- 1 -

1. **Introduction.** Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, private, personal, financial, highly sensitive, or legally-protected information for which special protection from public disclosure and from use for any purpose other than this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter this Protective Order ("Order"). The parties, and any other person or entity that executes the Acknowledgement and Agreement to be Bound to Stipulated Protective Order ("Acknowledgement") in the form attached hereto as Exhibit A, acknowledge that confidential, proprietary, private, personal, financial, highly sensitive, or legally-protected information will be subject to limited disclosure in accordance with the terms of the Order.

2. **Scope.** Any document or tangible thing produced or disclosed in this action (whether pursuant to a formal discovery request, subpoena, or otherwise), deposition testimony (including deposition transcripts, or portions thereof) and exhibits, responses to discovery requests, answers to interrogatories, answers to requests for admission, initial disclosures, and information derived directly therefrom (hereinafter, collectively "documents") shall be subject to this Order concerning "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only," as defined below.

3. **Confidential Information.** As used in this Order, "Confidential Information" means confidential, proprietary, financial, or otherwise highly sensitive or legally-protected information designated as "CONFIDENTIAL" by the producing person or entity (whether a party or non-party). Confidential Information may include information that falls within one or more of the following categories: (i) information that is required to be treated as confidential by law; (ii) trade secrets; (iii) confidential business, research, development, sales, marketing, or other commercial information, including, but not limited to, proprietary business information;

- 2 -

information regarding corporate structure, procedures, policies, strategies, governance, and/or staffing decisions; information reflecting marketing strategies or activities; potential new business enterprises or investments; customer or prospective customer lists and/or customer or prospective customer information; customer buying information; information about other employees; information about pricing; financial information, including non-public revenue, cost, income, pricing, margin, profit, loss, income statement, balance sheet, cash flow, sources and uses of cash, or other non-public financial data, including financial projections and forecasts containing such data; or (iv) personal, private information not typically publicly shared.  Information or documents that are available to the public may not be designated as Confidential Information.

4. **Highly Confidential – Attorneys' Eyes Only.**  As used in this Order, "Highly Confidential Information" and "Highly Confidential – Attorneys' Eyes Only" mean highly sensitive business or personal information, such that disclosure of the information to anyone other than the attorneys representing the parties to this action would be detrimental to the conduct of that party's business or that party's customers or clients, including, for example, highly sensitive personal information about, or sensitive private communications with, a party's customer that, if disclosed, would reasonably result in reputational harm for the customer and detriment to the party's business.

a. **Designation of Documents and Tangible Things.**  With respect to any document to be produced, any designation of confidentiality shall be made concurrently with the production of the document by placing upon such document a legend stating "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" (a "Confidentiality Stamp"). Applying a Confidentiality Stamp to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any

copies that are made of any documents marked with a Confidentiality Stamp shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information or Highly Confidential Information are not required to be marked.

5.    **Designation of Deposition Testimony, Transcripts, and Exhibits.** With respect to deposition testimony, the witness under deposition or his/her counsel, and/or any counsel representing any person or entity at the deposition, shall invoke the provisions of this Order in a timely manner, giving adequate warning to all persons present that testimony about to be given is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." The provisions of this paragraph may be invoked with respect to a witness's entire deposition, a portion thereof, or any exhibit introduced therein, at any time during the deposition.  Counsel attending a deposition who inadvertently fails to designate any portion of the deposition transcript pursuant to this Order on the record at the deposition shall have thirty (30) days following the receipt of the transcript in which to correct the failure.  Notice of such correction shall be made in writing to the reporter, with copies to all other counsel of record, designating the portion(s) of and/or exhibit(s) to the transcript that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information, and directing the reporter to mark such portion(s) or exhibit(s) accordingly.

6.    **Third Parties' Right to Designate Confidential Information**.  Third parties who produce documents in this case, pursuant to subpoenas or otherwise, may obtain the benefits of this Order by designating information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," in accordance with this Order.

7. **Good Faith Designations.** All designations of Confidential Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be made in good faith by the party or entity making such designation (the "Designating Party") and shall be made at the time of disclosure, production, or tender to the party receiving such disclosure production or tender (the "Receiving Party"), or at such other time as permitted by this Order. Designations as Confidential Information or Highly Confidential Information shall be limited to information the Designating Party has a good faith interest in preserving as confidential and/or a responsibility to individuals in preserving their privacy rights and/or a responsibility to third parties to preserve the confidential or proprietary nature of the information. The designation of a document as Confidential Information or Highly Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information or Highly Confidential Information as defined in this Order, but shall not constitute an admission or agreement that such information has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Receipt without objection by the Receiving Party of Confidential Information or Highly Confidential Information shall not constitute an admission or agreement that such information has been appropriately designated as such. No party shall use another party's designation or failure to designate as evidence of any matter pertaining to the merits of this case.

8. **Limited Disclosures to Qualified Persons – Confidential Information.** Subject to Paragraphs (a) through (j) below, documents designated "Confidential" may be shown, or their contents used or disclosed, to the following persons and the following persons only:

> (a) the parties to this Order, including officers, directors, and employees of the parties, for the sole purpose of assisting in this lawsuit (including appeals and retrials), as well as the secretarial and clerical employees who work regularly with such persons, and shall not be used or disclosed for any other purpose

whatsoever, including, without limitation business, governmental, commercial, administrative, judicial, media, personal, or public purposes, or any other transactions or purposes unrelated to this lawsuit;

(b) counsel of record, general counsel and office personnel employed by them and assisting them in this case;

(c) those persons, entities, or contractors specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors and independent contractors hired to process electronically stored documents;

(d) any expert, investigator or consultant retained by counsel in connection with this case as defined in Paragraph 14 herein;

(e) the Court before which this case is pending;

(f) any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case;

(g) a witness who has been noticed or subpoenaed for deposition or court appearance in this action to the extent reasonably necessary for the preparation for giving of the witness's testimony about Confidential Information, but that the witness shall not be permitted to retain any such documents or things or any copies thereof unless otherwise authorized to receive such information under this Order;

(h) the author or recipient of the document (not including a person who received the document in the course of litigation);

(i) the parties' insurers and their counsel; and

(j) other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

9. **Limited Disclosures to Qualified Persons – Highly Confidential – Attorneys' Eyes Only.** Confidential Information designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be shown, or its contents disclosed, to the following persons and the following persons only:

(a) outside counsel of record and office personnel employed and assisting them in this case;

(b) those persons, entities, or contractors specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors and independent contractors hired to process electronically stored documents;

(c) independent experts, investigators and/or consultants as defined in Paragraph 14 herein;

(d) the Court before which this case is pending;

(e) any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case;

(f) a witness who has been noticed or subpoenaed for deposition or court appearance in this action to the extent reasonably necessary for the preparation for giving of the witness's testimony about Highly Confidential Information, but that the witness shall not be permitted to retain any such documents or things or any copies thereof unless otherwise authorized to receive such information under this Order;

(g) the author or recipient of the document (not including a person who received the document in the course of litigation); and

(h) other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

No such information shall be disclosed to any party or any other person.

10. **Filing of Designated Material with the Court**. Any party desirous of filing a pleading, brief or other documents which discloses or incorporates any information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall file a motion with the Court seeking permission to file the documents containing Confidential Information or Highly Confidential Information under seal pursuant to Rule I(D)(3) of the Individual Rules and Procedures for Civil Cases of Judge Lorna Schofield, unless the Designating Party consents to its public filing.

11. **Control of Documents.** The recipient of Confidential Information or Highly Confidential Information produced under this Order shall maintain the information in a secure and

safe area and shall exercise the same standard of due care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.  Further, Confidential Information or Highly Confidential Information may only be viewed in the recipient's offices (including home office, hotel room and conference rooms) where access is limited, and thus may not be viewed in any public place such as a commercial airplane, train, airport terminal, train station or restaurant.  Home and/or personal computers that are used shall be password protected and protected by a software or hardware firewall.  Upon removal of any Confidential Information or Highly Confidential Information stored on electronic storage devices, the user or recipient of the information must use appropriate software to erase (wipe) the disk space used to store the Confidential Information or Highly Confidential Information.

12. **Use for Purposes of This Litigation Only.** Confidential Information or Highly Confidential Information, or any information derived therefrom, shall be used or disclosed solely for the purpose of assisting counsel of record in connection with this litigation (including appeals and retrials) and not for other litigation, competitive, business or any other purpose whatsoever.

13. **Acknowledgment and Agreement to Be Bound.** Any Qualified Person entitled to receive Confidential Information pursuant to subparagraphs 8(c), (d), (g), (j), and any Qualified Person entitled to receive Highly Confidential Information pursuant to subparagraphs 9(b), (c), (f), or (h) shall, prior to receiving such Confidential Information, read this Order, and shall execute the certification contained in Exhibit A, Acknowledgement and Agreement to be Bound to Stipulated Protective Order ("Acknowledgement").  Counsel shall maintain the originals of the forms signed by Qualified Persons acknowledging their obligations under this Order for a period of three (3) years after the termination of the case.  The Court and opposing counsel may, upon

request, inspect the forms, except there shall be no right to inspect the forms signed by persons identified in subparagraphs 8(d), 8(g), 9(c), or 9(f) until after they have been identified as testifying witnesses in accordance with the Federal Rules of Civil Procedure.

14. **Independent Expert Defined.** For purposes of Paragraphs 8 and 9 herein, an independent expert shall be defined as a person who is not an employee or independent contractor of a party and who is retained as a bona fide consultant or expert by counsel at the direction of a party for purposes of this litigation, whether full or part time.

15. **Right to Object.**  Any party shall have the right to object to any disclosure of information or production of any document it deems to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information subject to this Order or any other ground it may deem appropriate pursuant to the Federal Rules of Civil Procedure.

16. **Challenges by a Party to Designation as Confidential Information.** Any signatory hereto may seek relief from, or modification of, this Order or challenge the designation of documents, information or transcripts as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."  The following procedure shall apply to any such challenge:

   a. **Meet and Confer**.  The Receiving Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the Receiving Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The Designating Party must respond to the challenge within two (2) business days if the

designation is challenged prior to May 1, 2021, and within five (5) business days if the designation is challenged on or after May 1, 2021.

    b. **Judicial Intervention**. A Receiving Party that elects to challenge a confidentiality designation may file and serve a letter motion that identifies the challenged material and sets forth in detail the basis for the challenge pursuant to the Individual Rules and Procedures for Civil Cases of Judge Lorna Schofield. Each such letter motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. If the moving party does not receive the non-moving party's opposition to the letter motion challenging a confidentiality designation within three (3) business days if the letter motion is filed prior to May 1, 2021, or within five (5) business days if the letter motion is filed on or after May 1, 2021, the designation will be deemed changed in the matter requested in the letter motion.

17. **Inadvertent Disclosure.** If any Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the party or person who designated the disclosed information of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name, address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information.

18. **Inadvertent Production of Privileged Materials.** Counsel shall make their best efforts to identify materials protected by the attorney-client privilege or the work-product doctrine prior to the disclosure of any such materials, and Fed R. Evid. 502(b) is presumed satisfied. The inadvertent production of any information shall be addressed pursuant to Fed. R. Civ. P. 26(b)(5)(B). The Court's Individual Rules and Procedures for Civil Cases § II(A)(2) is hereby incorporated by reference.

19. **Inadvertent Production Will Not Waive Privilege.** The inadvertent production of materials subject to the attorney-client privilege or the work-product doctrine will not waive the attorney-client privilege or the work-product doctrine. In addition, the fact that a document or other material was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver. This Order is entered pursuant to Fed. R. Evid. 502(d).

20. **Inadvertent Failure to Designate.** If a party inadvertently produces Confidential Information without marking it as such, it may be disclosed to others until the producing party makes the receiving party aware, in writing, of the error. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Order, and the receiving party must endeavor in good faith to obtain all copies of the document that it distributed or disclosed to persons not authorized to access such information, as well as any copies made by such persons. If timely corrected, an inadvertent failure to designate qualified information or items as Confidential Information does not, standing alone, waive the designating party's right to secure protection under this Order for such material.

21. **Use of Confidential Information or Highly Confidential Information at Trial or Hearing**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another

party may present Confidential Information or Highly Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information or Highly Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial or a hearing.

22. **Confidential Information or Highly Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

a. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information or Highly Confidential Information, the Receiving Party must so notify the Designating Party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

b. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

c. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Information or Highly Confidential Information in the court from which the subpoena or order issued.  The Designating Party shall bear the burden and the expense of seeking protection in

that court of its Confidential Information or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information or Highly Confidential Information by the other parties to this case.

23. **Obligations Upon Conclusion of Litigation.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal. Upon the final determination of this action, unless otherwise agreed to in writing, each party to this Order shall either: (1) assemble and return all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information within their control or the control of those to whom they distributed any such information, including all copies thereof, to the Designating Party, or (2) certify in writing that all Confidential Information within their control or the control of those to whom they distributed any such information has been destroyed. Notwithstanding the foregoing, the parties may retain all pleadings, briefs and other documents containing their work product which refer to or incorporate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information and will continue to be bound by the terms of this Order with respect to any such information.

24. **Acknowledgment.** All counsel for the parties who have access to Confidential Information or Highly Confidential Information acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

SO ORDERED

Dated: February 15, 2021
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**STIPULATED AND AGREED TO:**

DATED: February 12, 2021

**HINCKLEY, ALLEN & SNYDER LLP**

By: */s/ Christopher V. Fenlon*
      Christopher V. Fenlon (CF6305)
      Elizabeth M. Nagel (EN3922)
30 South Pearl Street, Suite 901
Albany, New York 12207
P: (518) 396-3100
F: (518) 396-3101
E: cfenlon@hinckleyallen.com
lnagle@hinckleyallen.com
*Attorneys for Plaintiff*
*XO Global LLC f/k/a XO Sales LLC*

DATED: February 12, 2021

**FAEGRE DRINKER BIDDLE & REATH, LLP**

By: */s/ Justin M. Ginter*
      Justin M. Ginter

1177 Avenue of the Americas, 41st Floor
New York, New York 10036-2714
P: (212) 248-3140
F: (212) 248-3141
E:  Justin.ginter@faegredrinker.com

- and –

**HIRSCH ROBERTS WEINSTEIN LLP**

*/s/ C. Max Perlman*

C. Max Perlman
  *Pro Hac Vice Application Pending*
  *max@hrwlawyers.com*

Elizabeth E. Monnin-Browder
  *Pro Hac Vice Application Pending*
  *emonnin-browder@hrwlawyers.com*

24 Federal Street, 12th Floor
Boston, MA  02110
Phone: (617) 348-4300
Fax: (617) 348-4343

*Attorneys for Defendants Gregg Slow, Directional Capital LLC d/b/a Directional Aviation, Private Fly LLC, One Sky Flight LLC, Flexjet LLC, Sentient Jet LLC and Sentient Jet Charter LLC d/b/a FXAir*

**OGLETREE DEAKINS**

By:     */s/ Bruce Hearey*
          Bruce G. Hearey
Key Tower
127 Public Square, Suite 4100
Cleveland, Ohio  44114
P: (216) 241-6100
E: bruce.hearey@ogletree.com
*Attorneys for Defendants Brooke Diamond,
Arielle Mellen, Ross Prussin and John Wood*

**Exhibit A to Stipulated Protective Order:**

**Acknowledgement and Agreement to be Bound by Stipulated Protective Order**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

XO GLOBAL LLC f/k/a XO SALES LLC,

                        Plaintiff,

v.

BROOKE DIAMOND, ARIELLE MELLEN,
ROSS PRUSSIN, JOHN WOOD, GREGG SLOW,
DIRECTIONAL CAPITAL LLC d/b/a DIRECTIONAL
AVIATION, PRIVATE FLY LLC, ONE SKY FLIGHT,
LLC, FLEXJET, LLC, SENTIENT JET, LLC, and
SENTIENT JET CHARTER, LLC d/b/a FXAIR,

Case No.:1:20-CV-10670

                        Defendants.
_____

## **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND TO STIPULATED PROTECTIVE ORDER**

      I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order ("Order") that was issued by the United States District Court for the Southern District of New York in the matter of XO Global LLC v. Diamond, et al., Case No.: 20-CV-10670.  I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I will not disclose any information designated as Confidential Information or Highly Confidential Information pursuant to the Order, or discuss any such information with, any person who is not authorized pursuant to the terms of the Order to receipt and disclosure of same, and who has not signed this Acknowledgement and Agreement to be Bound.  I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of the Order.

      Date:                           _____

      City/State:                 _____

      Name:                        _____

      Signature:                _____

      Employer/Party:        _____

      Title:                          _____