OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
*Attorneys at Law*
599 Lexington Avenue, 17th Floor
New York, NY 10022
Telephone: 212.492.2500
Facsimile: 212.492.2501
www.ogletreedeakins.com

Christina M. Schmid
212.492.2093
christina.schmid@ogletree.com

February 18, 2021

> By **February 25, 2021**, Plaintiff shall file a letter response per the Individual Rules.
>
> SO ORDERED
>
> Dated: February 19, 2021
> New York, New York
>
> */s/ Lorna G. Schofield*
> **LORNA G. SCHOFIELD**
> **UNITED STATES DISTRICT JUDGE**

**VIA ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: XO Global LLC v. Diamond et al.,
Case No.: 1:20-CV-10670-LGS (S.D.N.Y.)

Dear Judge Schofield:

We represent defendants Brooke Diamond, Arielle Mellen, Ross Prussin, and John Wood in the above-referenced action. In accordance with Your Honor's Individual Rules, we write to request a pre-motion conference in anticipation of defendants' motion to stay the litigation as to the claims asserted against defendants Diamond, Mellen, and Prussin (collectively, "defendants").

**Summary of Relevant Facts**

In its Complaint, XO Global LLC ("Plaintiff" or "XO") admits that it entered into arbitration agreements with defendants Diamond, Mellen, and Prussin. (Compl., ¶108.) Plaintiff further states that, "[p]ursuant to those arbitration agreements, the parties are required to arbitrate any claim or controversy arising from, or relating in any way to, the employee's employment relationship with XO, which would otherwise be brought in court." (*Id.*, ¶109.) As counsel for plaintiff acknowledged during the January 28, 2021 conference before Your Honor, XO has commenced an arbitration proceeding against defendants Diamond, Mellen, and Prussin for their alleged violations of the Defend Trade Secrets Act, breaches of the Proprietary Rights Agreement, tortious interference, and breaches of fiduciary duty.

By Order dated February 3, 2021 (ECF No. 64), the Court set a schedule for expedited discovery in anticipation of XO's motion for a preliminary injunction (the "Order"). The Order includes discovery obligations as to defendants Diamond, Mellen, and Prussin through April 14, 2021, the date by which party depositions must be completed. (*See* Order, ¶9.)

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

### The Court Should Stay the Litigation Pending the Outcome of Arbitration

Section 3 of the Federal Arbitration Act requires a federal district court to stay litigation when any issue therein is referable to arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.**

9 U.S.C. § 3 (emphasis added). This language "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985); *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011) ("§ 3 requires courts to stay litigation of arbitral claims pending arbitration of those claims 'in accordance with the terms of the agreement.'"). As the Second Circuit has recognized, "[u]nder the Federal Arbitration Act, a district court must stay proceedings if satisfied that the parties have agreed in writing to arbitrate an issue or issues underlying the district court proceeding. The FAA leaves no discretion with the district court in the matter." *McMahan Secs. Co. L.P. v. Forum Capital Mkts. L.P.*, 35 F.3d 82, 85-86 (2d Cir. 1994); *see also Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015) (concluding that "the text, structure, and underlying policy of the FAA mandate a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested.")

Here, it is undisputed that XO has commenced an arbitration proceeding against defendants Diamond, Mellen, and Prussin asserting the same exact claims set forth in the Complaint in this action. Accordingly, promptly upon defendants' completion of the discovery activities set forth in the Order, defendants respectfully request that the Court stay this action as to defendants Diamond, Mellen, and Prussin.

We thank the Court for its consideration of defendants' request for a pre-motion conference.

Thank you for your Honor's consideration.

Respectfully submitted,

/s/ *Christina M. Schmid*

Christina M. Schmid

Hon. Lorna G. Schofield
February 18, 2021
Page 3

cc: Counsel of Record (via ECF)
      Bruce G. Hearey, Esq. (via E-mail)

46085716.1